IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00614-MSK-CBS

JULIE MAE DURAND,

       Plaintiff,

v.

THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation,

       Defendant.

_____

**ORDER GRANTING MOTION TO REMAND**
_____

       **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Remand **(# 5)**, the Defendant's response **(# 10)**, and the Plaintiff's reply **(# 16)**.

       The Plaintiff commenced this action on February 22, 2007 in the Colorado District Court for Denver County. On March 28, 2007, the Defendant filed a Notice of Removal **(# 1)** in this Court, citing federal subject-matter jurisdiction arising under 28 U.S.C. § 1331, in that the Plaintiff's claims present a federal question under ERISA, and 28 U.S.C. § 1332, in that the parties are diverse. Pursuant to 28 U.S.C § 1446(a), the Defendant filed copies of most of the pleadings and orders served upon it in the state court, but it did not file a copy of the Summons. The Plaintiff moves to remand this action, claiming that the failure to file the Summons renders the removal defective under § 1446(a), requiring remand.

       Congress has chosen to limit the scope of jurisdiction of the federal District Courts, and thus, there is a presumption against permitting these courts to exercise jurisdiction as the result of

removal of cases from state court. *Cellport Systems, Inc. v. Peiker Acustic GMBH*, 335 F.Supp.2d 1131, 1133 (D. Colo. 2004), *citing Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). As a result, the Court is required to strictly construe the removal statute, 28 U.S.C. § 1446. *Id.*, *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

A strict reading of 28 U.S.C. § 1446(a) requires the Defendant to file "all process, pleadings, and orders served upon" it as part of its Notice of Removal. The Defendant's omission of the Summons – indisputably "process" under the statute – constitutes a defect in the Notice of Removal here. Moreover, the 30-day time limit for filing a Notice of Removal in 28 U.S.C. § 1446(b) began running upon the service of the Complaint, which the record reveals was on February 26, 2007, and expired on March 28, 2007, the date the Defendants filed the initial, defective Notice of Removal. Thus, the Defendant's subsequent effort to conform to the statute by filing a "Supplement" **(# 11)** to the Notice of Removal on April 17, 2007 is untimely.

The Defendant contends that the failure to file the Summons is a mere procedural error that is not sufficient to render the removal defective, and that this Court has the discretion to either allow the Notice of Removal to be amended out-of-time and exercise jurisdiction, or to remand the case. *Yellow Transportation, Inc. v. Apex Digital, Inc.*, 406 F.Supp.2d 1213, 12115-1 (D. Kan. 2005). The Court has carefully reviewed the thorough and well-considered *Yellow Transportation* opinion, and agrees with it in most material respects. However, this Court finds that *Yellow Transportation*'s conclusion fails to give sufficient weight to the Supreme Court's instruction that removal statutes are to be "strictly construed." *Id.* at 121819 ("while the court is certainly mindful that removal statutes are to be strictly construed and all doubts resolved in favor of remand, the court finds nothing in the statute that requires remand for the particular procedural

defect at issue here"). If strict construction is the command, it is incumbent that the Court to apply the statute strictly as written, even – or perhaps particularly – in the face of seemingly inconsequential defects. That courts on occasion have entertained defective or amended removals without complaint reflects a certain pragmatism that is difficult to criticize, but they do so by assuming that "strictly construed" does not necessarily mean "<u>strictly</u> construed." Justice is best served when the law operates predictably and reliably. Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability, and, more importantly, operates as an artificial relief valve that prevents sufficient pressure from building in opposition to the rule to force its rethinking. If the Court should not apply the text of § 1446(a) strictly as written, that command should come from the Supreme Court or the 10th Circuit, not from the fact that other District Courts have chosen not to do so.

Finally, the Court rejects the Defendant's argument that strict application of § 1446(a) is contraindicated by the assertion[1] that the preemption of the Plaintiff's claims by ERISA gives rise to a federal question. Although ERISA claims are clearly federal in nature, it is undisputed that ERISA provides for concurrent jurisdiction in state courts. As such, Congress has not deemed the federal courts to have any greater interest in hearing and resolving ERISA claims than they do in hearing and resolving claims founded on diversity jurisdiction.

---

[1] The Court expresses no opinion as to whether the Plaintiff's claims are, in fact, preempted by ERISA.

Accordingly, the Plaintiff's Motion for Remand **(# 15)** is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), the case is **REMANDED** to the Colorado District Court for Denver County.  The Clerk of the Court is directed to transmit the case file in this case to the Clerk of the Colorado District Court for Denver County and to close this case.

Dated this 8th day of May, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge